Good morning. It's nice to be back in person. It's been more than a year since our court has held an in-person oral argument, and although we're grateful for the assistance of our IT department in allowing us to continue with our work by Zoom and other technology, it is nice for us to be back in a courtroom together. We only have one appeal to rehear this morning, United States v. Campbell. Counsel, we're familiar with your cases and, of course, have read your briefs, the authorities cited in your briefs, have looked at at least portions of the record. You have limited time this morning. Feel free to get straight to the You're probably going to have some questions this morning, but be mindful of our traffic light system. When the red light shines, it is time to end your argument. If you're answering a question from the court, you can, of course, finish your answer, but be mindful of the clock and our time. In the event that you have some rebuttal time, if you're just answering questions from the court, you won't lose any of that rebuttal time. So we'll begin this Jonathan Dotson v. Erickson-Campbell, and may it please the Court. I intend to focus today on the sua sponte issues. I realize this Court may have not intended to reach the merits of the good faith exception, but I would point out that I think there's some substantial overlap between these two issues because one of the main reasons that I would say this Court should not reach this forfeited issue is that its resolution is not clear but is debatable. That is one of the factors in the harmless error cases that the government cited. Almost all of those cases cited three factors that this Court and others use in determining whether to cite harmlessness sua sponte. One is the debatability of the harmlessness. Another is the state of the record, whether it's complex and adequate. And a third is whether not reaching that issue would create an unnecessary burden on the district court's interim remand. As to the first part, the debatability, I would argue that applying the good faith exception in this case is debatable for four reasons. First of all, applying it in this case would be a much broader construction of the good faith exception than this Court has previously construed it in its Davis and Smith opinions, and broader than the Davis Supreme Court opinion as well. Can I ask you just a quick question before we get too far down the road into these three factors? Do I take from your presentation that these are the factors that you would urge us to adopt sort of with respect to sua sponte consideration generally? Yes, I think those three factors would adequately guide this Court's discretion in deciding whether to decide an issue sua sponte. There is one other argument I would make. So you're not arguing that the Court would lack the discretion to consider it sua sponte? No, Your Honor, the Court does have that discretion. I would argue one other factor in the context of this being something like an affirmative defense that's not part of the harmless error cases, and that is when it's an affirmative defense and the Court raises it, it creates an appearance of impartiality. As this Court said in the context of Burgess, where there was a habeas corpus waiver, it said the Court may cease to appear as a neutral arbiter and that could be damaging to our system of justice. This isn't an affirmative defense, is it? I don't know that this Court has called it that. It works like an affirmative defense because the government could have stipulated the merits of the Fourth Amendment question and only argued that the good faith exception applied. So it would work like an affirmative defense whether it's— This is an exception to a rule that is a judge-made rule, the exclusionary rule, that the Supreme Court has told us exacts a heavy toll on both the judicial system and society at large. It always requires courts to ignore reliable, trustworthy evidence bearing on guilt or innocence and its bottom line effect in many cases is to suppress the truth and set the criminal loose in the community without punishment. That's what the Supreme Court has told us about it. And the exception to that rule, it seems to me, would not be akin to an affirmative defense. I would argue that those social costs of exclusion are part of the balancing test under the good faith exception analysis. And because I would argue that that balancing is at least debatable in this case and, in fact, that it would balance in favor of applying the exclusionary rule, that that would not be a reason to reach that issue sui sponte. Tell me this. The Supreme Court also said in Davis that exclusion of evidence does not automatically follow from the fact of a Fourth Amendment violation and that it applies only where its purpose is effectively advanced. Where's the case for that in the first instance before we even get to the exception? I would argue that its purposes are best advanced or not best advanced in this case in part because Griffin is not the type of case that makes an officer undeterrable. I would say if the good faith exception applied, it would be because of the balancing part of that analysis but not because Griffin is categorically the type of case that's going to, that an officer cannot be deterred by. Counsel, speaking to your fourth factor that you've raised, the neutral arbiter issue, is there a separation of powers concern that we should consider here? I would say there is, Your Honor. Of course, it's for the executive branch to decide how best to advance its interest and to enforce the criminal law. As the Chief Justice famously said, the judge's role is to call balls and strikes. So when a panel raises this pleading, something like an affirmative defense on behalf of the government, it appears to put a hand on the bat for the government and infringes on the executive branch's prerogative. Well, whatever you call the good faith exception, we've held for close to 20 years that the government bears the burden of establishing it, right? That's correct, Your Honor. And it's been many years since we were together for the oral argument, the panel oral argument. We didn't talk about any of this, did we? No, Your Honor. It wasn't mentioned at the oral argument in the panel. In fact, the panel ordered supplemental briefing but not on that point. It was on the consent issue. What we were arguing about was whether or not your client had waived the consent issue and I think you got a pretty stern lecture about how if it was not in your brief, you couldn't raise it, right? I do recall that. I would point out that it was in the brief, maybe not as highlighted as it should have, but I did point to the fruit of the poisonous tree in that brief. Can I ask you a question about efficiency, which I think is one of the factors you mentioned? So let's say the panel in this case had not addressed this good faith exception. The government had raised the issue below and the panel had just said, okay, the search was unconstitutional, we remand, we vacate the conviction, we remand. Wouldn't the government be able to raise the good faith exception on remand? I would argue that it shouldn't get a second bite. Well, if it had raised it prior and it wasn't ruled upon, if I understand your question correctly. Yeah, so in this, correct me if I'm wrong, but I understood in this case, at the district court level, the government raised good faith. The district court didn't ultimately rule on that issue and then so when you appealed, you appealed what the district court ruled on the constitutionality. What would prevent the government from just making the same arguments to the district court it did on good faith on remand if that's what happened? A couple of things. First of all, it's at this point, the stop is eight years old, so there could be a stay on this issue. If we were considering a new evidentiary hearing, there are facts relevant to specifically the good faith exception dealing, for example, with the officer's culpability, the officer's awareness of Griffin or whether that's even the correct case. But because the government had raised that earlier, the opportunity for that record was already made. That's correct. It was raised, though, in the context of a supplemental brief after the evidentiary hearing. Because the district court recognized that if there was a problem with the search, it had to figure out what to do about it. Right. Well, the government didn't raise it on its own, did it? The court asked for supplemental briefing on the good faith exception, so it wasn't an issue that the government on its own initiative raised. Is that my understanding of the record? That is correct. And in fact, it filed a 15-page brief in which it repeatedly urged the district court not to address the good faith exception and only spent two pages actually discussing the good faith exception. Okay. And so if we reversed and remanded, and without deciding the waiver issue, wouldn't we have to abrogate our decision in Rubino v. Bailey, where we said the law of the case doctrine dictates that it's waived for all future stages of the same litigation? Yes, Your Honor. That's my understanding of the law of waiver on appeal, is that it is the law of the case upon remand. Well, but I mean, and I don't want to debate a case that isn't this case, I guess. But I mean, let's assume you've got a situation where the government clearly raises, you know, the government says there are five different reasons why this evidence shouldn't be excluded. You know, one, two, three, four, five. And the district court says, okay, number one, not excluding the evidence based on number one. And then the defendant appeals that judgment. And then the government defends the judgment that the district court gave. How would an appellate decision that addresses that issue, the one issue the district court addressed, somehow prevent on remand, you know, continued litigation based on the other issues that the government had raised? I think that would raise a distinction between where there's an argument for an alternative theory that's encompassed within an issue that has been raised and litigated, and here where the good faith exception is a separate analysis on which the government has the burden of proof. I think that's more of a separate issue, and that would be precluded from litigating again on remand. But if it was just a different argument under that issue, I'm not sure that the law of the case would prevent the government from raising a different argument below. Counsel, isn't this what would happen? If issue number one called for a reversal, the first thing would be that we reverse the judgment of conviction. And if the government sought to litigate the undecided issues on appeal, then you would counter with the measure of mandate rule. And that would be battled out in the district court whether or not our mandate effectively foreclosed the other issues. And then we would appeal it again, wouldn't we? You would appeal if you lost. And if the government lost, it would appeal. The interpretation of the mandate. So the court of appeals would be right back in the same box it was in the first place. It would depend on the mandate the court issued. Well, no. I mean, whichever the case may be, the court of appeals would either say, we sub silencio rejected the other grounds because we didn't review them. We had the power to review, but we did not exercise our discretion to review. So that would be one thing the court of appeals could say. Yes, Your Honor. Or the other thing, what else could the court of appeals say? I would believe if it did reverse an opinion that the government had specifically forfeited that ground by not. Not the forfeiture. Because the court of appeals can notice a ground that would affirm the district court's judgment even though the government says nothing. You agree? Yes. That's part of the discretion. Okay. So if the court of appeals reversed on ground one, reversed the judgment, and the government sought to have the district court review the unresolved questions, your response would be that the court of appeals declined to exercise a discretion to review those grounds. So the mandate was an acquittal. Yes, Your Honor. Mr. Dotson, I'm not sure your concession to Judge Choflat was wise. We have a number of cases in which we have refused to allow an appellee to assert a ground that oral argument that it didn't assert in its brief as an alternative ground for affirmance. So although there is discretion for a court to do what the panel here did, that discretion is circumscribed. It's not free-flowing and ad hoc. Yes, Your Honor. I don't understand your position then. Is your position that a panel can just sua sponte take up an issue whenever it thinks that something is clear? Or are there other institutional limits placed on a panel based upon separation of powers, due process, and other concerns in sua sponte reaching issues? Yes. I did not mean to concede that the panel has unbridled discretion to take up issues sua sponte. I do think that there are those institutional concerns. There's the concern of the appearance of partiality. There is the separation of powers concern. And there is the fact that this is an adversarial common-law system, and that kind of departure from the party presentation principle contravenes that, such as it did in Sinanang Smith. And in that case, the Supreme Court said that the Ninth Circuit had radically transformed the issues when it sua sponte raised an over-breath First Amendment argument, and the parties had argued it violated the First Amendment as applied. And I see my time's up, so I'll reserve. Well, you've saved six minutes for rebuttal, Mr. Dodson. We'll now hear from  you. Good morning. May it please the Court. Francesco Valentini for the United States. Also at the Council table with me today is Mickey Schreber, our Appellate Chief for the United States Attorney in the Middle District of Georgia. Appellants in the government agree on at least two key principles of waiver doctrine that really bookend the question presented. First, everyone agrees that waiver is a prudential doctrine, and it can be excused in at least some circumstances. Second, I think everyone agrees that because waiver serves important public interest, it should be excused only narrowly. Can I ask you, just to get sort of the table set, I guess it's a factual question, and I want you to be clear that I'm not asking you to divulge client confidences. But in your brief, you say that whereas the government may have sort of strategic interests from time to time in briefing a case a certain way, you say, like any litigant, the government is fallible and sometimes omits unwittingly a dispositive argument for affirming. Are you representing, as an officer of the Court, that the decision not to brief the good faith exception before the panel was inadvertent? That's a little hard for me to believe, given the scrum over it in the District Court. Your Honor, we're now representing that it was inadvertent in the sense that we were not aware of the existence of the good faith issue in the District Court. What I can say is that it was a mistake not to brief it, and that we posed perhaps unwarranted overconfidence, as this Court recently said in a different case, in the strength of our own merits argument. Is that a way of saying that it was not a conscience decision not to assert it? I would say it was not a strategic decision to avoid resolution of the appeal on the basis of the good faith exception. What happened? What happened? I mean, you say unwittingly. What happened? I mean, did you just forget about it? I mean, you had already argued in the District Court, asking the District Court not to decide it on that basis. So, what happened? To be clear, in the District Court, I would like to be very clear about this. When we were asked about supplemental briefing with respect to the good faith exception, we took a position that the good faith exception applied, if necessary. When we asked the District Court not to resolve the issue on that ground, what we said, what we argued, is that we won on the merits, which is exactly the same position that we asserted on appeal. Now, the District Court didn't reach that issue. I know. So, what do you mean when you say you unwittingly omitted the argument from your brief to this Court? What happened? Precisely, as I was explaining just a minute ago, the District Court did not issue a decision on the good faith exception. We were confident that we would have, we would be able to prevail based on the binding precedent of this Court at the time, Griffin, and we did not think it was necessary to add another. So, it was not unwitting. It was an affirmative decision. It was a conscious decision. In answer to Chief Judge Pryor's question, it was a conscious decision not to brief it. You just thought you had a winner at step one. Yes. It was conscious. Yes. It was conscious. Again, I don't want to get lost in sort of a linguistic battle about conscious as opposed to unwitting. What I can say is that there was no strategic attempt to avoid a decision based on the good faith exception. That issue was not resolved, but District Court, we thought we had plenty good argument on the merits, and that's the argument that we asserted. Considering that you only had, you know, however many pages, and you wanted to spend your pages on the merits rather than on this exception, is that essentially what you're saying? Well, I don't think we were quite up against the war limit, which is generous, generally speaking, in the actual brief. We just thought that, as often happens, when a District Court renders a decision on the ground, we proceed on the assumption that we would just defend the judgment with that ground. We thought the argument had merit. Again, Griffin, and I think it's important to take a step back. Well, let me ask you this. I looked at both briefs, and it seemed to me that the blue brief, which ordinarily is the brief that frames the issues for appeal, didn't really make a case for the exclusionary rule. It focused, too, on whether the District Court had been right about the Fourth Amendment issue, and the government's brief was responsive to that and responsive on the only issue that the District Court addressed. Would that be an accurate characterization of what happened? Well, considering that the District Court had instructed you to provide the supplemental briefing on this issue, the good faith exception issue, and you had, by your own admission, a lot of extra space to be able to use to brief it, what would the harm have been in briefing that? And why should you get the benefit, and I don't mean to suggest that your office is lazy or anything, but I'm just saying, you know, why would any government office then ever brief a secondary issue that had been raised in the District Court if it knew that it could count on the court to just raise it on its own? Your Honor, I don't think we're taking the position. So, first of all, we are not taking the position that we will count on the court on raising issues for us. We understand that by not raising an issue, we cannot . . . we lose the right to have that issue necessarily decided and sort of pose our . . . put all our eggs in the basket of the court's discretion. So, we understand that as a starting point. And we are often . . . as to why we might decide not to raise every potential alternative ground, even as here, alternative grounds that were not decided by the District Court, among other considerations, we are often reminded that our briefs could be shorter, and more concise, and more straight to the point. That's true, but that's with respect to any given particular issue. I mean, if you're talking here about one issue, and then a secondary issue that was raised specifically by the District Court, and you were asked to provide supplemental briefing on. So, and you said the only reason that you didn't brief it was because you had overconfidence in your initial argument. So, I mean, why shouldn't you share the consequences of the decision that you make? So, again, one thing I would point out is that this case would be much different if the District Court actually reached and rendered a decision on the alternative ground. I think in that case, our argument . . . our position in this case would be much weaker. As to your . . . the core of your question, Your Honor, about why we shouldn't be suffering the consequences of our . . . You're saying, wait. You're saying that if the District Court had reached the good faith exception as an alternative ground, you'd be in a weaker position than you are now? Yes, I . . . Why is that? Because I think . . . Then you actually have a ruling by the District Court on a matter on which the parties were heard. Why are you in a weaker position there? Okay, maybe we'll be just in just a stronger position. I think there's an argument that there would be stronger notice to help the appellate court by expressing brief . . . Let me flip the facts for you and get to the merits as opposed to procedural issues. Yeah. A defendant argues both illegal search and illegal seizure below. Okay? Both issues are briefed by both parties. District Court decides illegal search does not address illegal seizure. Both the search and the seizure led to the same evidence being obtained. Okay? So District Court decides one ground does not reach the other. Case comes up on appeal. Okay? The defendant challenges only the ground on which he lost . . . on which he . . . The government challenges only the ground on which it lost below. Doesn't argue the other ground. Panel reach the other ground and say, oh, you know what? The defendant was wrong on the search, but sua sponte, we think he wins on seizure. So suppression is ordered. You would be okay with that scenario? I think it is possible that that could happen. That could be in a particular case given specific factors, which I understand my friend on the other side also recognized that in a particular case that could be appropriate. But more generally, I do think that an important . . . Well, the other thing that could happen is that on remand, the District Court then in the first instance could decide that alternative issue. Right? Oh, of course, that would be the ordinary course of the proceedings. But one point I did want to . . . Unfortunately, that's not the hypothetical I gave you. The hypothetical I gave you, the panel decides the second unbriefed issue sua sponte, this time adverse to you. And you'd be perfectly okay with that. You would say, hey, we won in Campbell. We'll take our loss in Jones. What's good for the goose is good for the gander. So this time, although we didn't get a chance to brief the seizure issue, the panel sua sponte decided it. C'est la vie. We lose this conviction. That would be perfectly okay with you because if the position you advocate stands today, that allows a panel to do that going forward in a way that's adverse to you in a different case. No, Your Honor, it doesn't. And that brings me back to one of the key distinctions that I think we highlight in our briefs that I wanted to bring to the Court's attention today. And that is the fact that this case involves an affirmance on other grounds, not a reversal on an outrace crime. My hypothetical is the same one. Defendant wins on the search. Okay? You attack the search. The defendant does not argue the alternative seizure as a second ground for affirmance of suppression. You don't brief it because it wasn't presented. And the panel says, we agree with the government on the search, but we're going to affirm on the seizure ground that was not briefed by any of the parties and the defendant. Suppression stands. It's the same exact case as this one. I appreciate that the posture in that respect is similar. But if I may add— My question to you is whether or not the government is comfortable with that sort of a scenario in the future. Again, we think that as waiver issues always raise—as is always the case with waiver issues, I think the decision will have to be case-specific and tethered to the posture of that case. And in this case, there's additional aspects of the case which I think are very important in sort of broadening the discretion of the Court. One is that this case involves the good faith exception to the exclusionary rule. And as the Chief Judge was just reminding us a few minutes ago, that rule in and of itself serves important public interests, not just interests that are specific to the litigants before the court in that particular case. And those interests, again, as Davis makes clear, are the fact that the good faith exception keeps the exclusionary rule from unnecessarily impeding the trial court's truth-seeking function. It also prevents unnecessarily setting criminals free. So I agree with that. But when I read that in your brief, my thought was, if this—if the failure to raise the good faith exception here was not unwitting or inadvertent, if it was conscious, then the government should have thought about those policies that the good faith exception promotes, not setting the criminal free, and raised the argument. So it's sort of on you. Right? I mean, the fact that society is forced to be—you know, being asked to internalize these costs isn't just like a matter of happenstance here. It's a matter of the government's strategic choice not to raise the exception. Again, I want—I would like, again, to draw a distinction between a conscious, sort of aware decision and a strategic decision. All I mean to say—I'm not trying to make it sound sort of like you were up to no good. I'm just saying, like, surely the government knows that the good faith exception exists to prevent allowing the criminal to go free or whatever. And that surely informs decisions about what arguments we should be advancing. It absolutely does. And we accept, and in the first instance, that is always our responsibility. The question here is, what about those third-party interests, the interest in— But let me ask you something related to that. Why doesn't that go to the separation of powers issue? I mean, why should it be—why shouldn't it be that the interests of the people are being made by the prosecuting authority and the court is the neutral arbiter that decides the issues that you, the prosecuting authority, and the defendant bring to the court? Why shouldn't that be the way that it works? Doesn't the separation of powers require that and favor that? What I would say is that the separation of powers question is reflected in the party presentation principle, and that is the extent of it. And in this case, one of the striking aspects of this case is just how similar the substance—and I understand we made our argument under the rubric of the Fourth Amendment, substantive Fourth Amendment, as opposed to good faith. But what is striking is just how similar the substance of the arguments that we pressed on appeal and that the good faith doctrine requires are. We argued that we should prevail and that the suppression—denial of suppression—should be affirmed because Officer McGannon's conduct was— Yeah, I'm sorry to interrupt, but I guess I'm just having some trouble understanding how this squares with the separation of powers. Maybe you can explain that to me. How does it square with the separation of powers that the court raises an issue that not only was raised—was raised by the district court below, but then waived on appeal because it wasn't briefed by the government and wasn't asked about at oral argument? There's been no presentation whatsoever. There wasn't supplemental briefing requested, even though there was supplemental briefing requested on a completely different issue. How does it square with the separation of powers principles for the court on its own, in its chambers, to decide this issue? In this particular case, the separation of power concerns disappear because, again, as I was explaining a second ago, the substance of the good faith question is nearly indistinguishable from the substance of the Fourth Amendment position that we took in the Court of Appeals. There is no daylight between—no material daylight. Mr. Valentino, is it—I mean, we have to decide this case, but we are also writing for the future, and is it conceivable that there could be instances where the government cannot, in good faith, assert the good faith exception? I'm not suggesting that this is the case in this case, but, for example, if you have a law enforcement officer who is known around the U.S. Attorney's Office for deliberately and consistently violating the constitutional rights of criminal detainees, that—I mean, that may be a reason that the government may not want to assert the good faith exception. In other words, there's information that the government has that's not a part of the record, and, I mean, this goes to the separation of powers issue. There are things that the government may know that's not a part of the record that cannot be imparted to the court. Is it conceivable that that could be the situation in some circumstances? Your Honor, I think it's conceivable, but I don't think it's conceivable in the context of a Davis good faith exception argument, as in this case. That inquiry is entirely objective. It's tethered and focused— It's a matter of discretion, isn't it, on the part of the government to assert the good faith exception, because the government has information that it may not want to impart to the court, right, about the circumstances surrounding a stop and a seizure, about the—I'm not suggesting that this is the case here—about the reputation of the law enforcement officer who's involved in the seizure. I mean, there could be any number of reasons why the U.S. attorney does not assert especially a defense like the good faith exception. Am I wrong about that? I believe it's conceivable. I don't know of any policy of the Department of Justice not to assert a Davis good faith exception where it applies. And again, I think it's important that a Davis good faith exception is not—and I'm not speaking to every potential variation on the good faith exception, but a Davis good faith exception is a pure question of law. And in fact— I have a question before you run out of time. This is pretty basic. We've outlined five exceptions to where we may exercise our discretion to consider an issue, even though it's waived by the government or by any party. Do you contend that this case relies on one of those exceptions, or are you arguing for an additional exception? I don't think that this Court's set of exceptions apply—exhaust the set of exceptions in which an appellate court can consider an alternative ground for affirmance. We understand that the standard is left to the discretion of the panel, as the panel in this case explained, and I don't think that this Court has limited itself to a sort of a taxonomy of the types, the exceptions that can support reaching an issue to a spontan. So how would you describe the exception that you would apply here? What would be your parameters? An affirmance on an alternative ground that was not specifically raised in the government's brief. That's pretty broad, right? Yeah, not just willy-nilly. I mean, guardrails. And I think Judge Grant's asking sort of what are they. I'm curious as well. Absolutely. And if I can, in the limited time that's left, I would like to list them. First, the fact, again, that this is an affirmance on other grounds, not a reversal on an unraised ground. Second, that it's a legal issue that implicates the interest of third parties, not just of the litigants before the Court. Third, that the question, the legal question, the substance of the legal question is not fact-bound, and it requires only minimal additional work by the panel, as the panel explained in this case. And fourth, and I think it's important, the fact that there is no question in this case that what the government's position as to the issue was, because we did take a position on that particular issue in the District Court, and there's no evidence and no suggestion that we somehow intended to disavow that position. We think that the constellation of those four factors should be disposed in this case. Mr. Valentini, does it matter at all that Mr. Campbell had the burden of proving a Fourth Amendment violation and that you have the burden of establishing the good-faith exception? No, I don't think it matters at all. That wouldn't matter in a— Burdens don't matter in terms of sua sponte consideration? I think it would matter in the District Court. It wouldn't matter to whether an issue was waived in appeal, which I understand to be the issue before the Court. Also, again, the Davis good of law. Would it be any different from the harmless error, plain error kinds of invocations that we've raised sua sponte and every other circuit has raised sua sponte? No, we think they are of a piece, and that's why we cite Adam's discourse decision from 1993, as well as the consensus position of all the Court of Appeals. I see my time has expired. Well, Judge Martin has a question. So we're going to make a rule about waiver, and I think you're going to agree with me. I mean, the better practice, if the Court is going to sua sponte raise an issue that the parties haven't briefed and hasn't been discussed at oral argument, don't you agree that the better practice would be for us to give notice to the parties and ask for briefing on that topic? Yes, I would agree that in the ordinary course, that's a better practice. One thing, if I get—I see I'm over my time. You're fine. Judge Brasher is going to have a question, too, so please be quick. If I may just finish that answer. In this case, the en banc court has vacated the panel decision, and there has been briefing. So in this particular case— I know, but I'm talking about in the first instance. Yes, absolutely. We think in the ordinary course it would be appropriate to request supplemental briefing if the court raises an issue sua sponte. Yeah, my question is, so one thing that's sort of interesting to me about this case, and I wonder how this fits in your rubric, is that you don't—in this case, with this particular issue, you don't reach the good faith exception unless you first find a constitutional violation. So the issue that the panel reached was sort of, you wouldn't get to it, but for rejecting what the district court did. That seems to be similar to the harmless error cases you're citing, too. And I just wonder how that aspect of this case would fit within your rubric if we were to say, this is a fact relevant to this case. Where would that fit within the factors that you just outlined? I think it would—it could be a separate factor. It could also be—I think it's consistent and part of the inquiry into how distinct the legal questions are. This is a follow-up sort of alternative ground that exists only if the first core issue that was decided below is reversed. And it's not only that. It's also a question that specifically because of the nature of the Davis inquiry, it's very close. Again, not a fact-bound issue and one that is essentially answered, as the panel found, by the resolution of the merits. Thank you, Mr. Valentino. Thank you very much. Mr. Dodson. I want to begin with where opposing counsel ended, that this is not a fact-bound issue. I would argue that there are relevant facts to applying the good faith exception. It is based on the totality of the circumstances. And at the evidentiary hearing, because the good faith exception wasn't at issue there, district court didn't find facts specific to that issue. It made exemplary findings on the merits, and some of those there was no testimony as to the officer's normal practice, the officer's level of culpability. There was no... Well, Mr. Dodson, let me ask you this. I looked at your blue brief before the panel, and my memory is there was really no meaningful discussion of the exclusionary rule at all, which the Supreme Court has said does not follow automatically from the finding of a Fourth Amendment violation. Wasn't your brief just as deficient on that point as the government's? I would say because in the nature of the relief we were asking for this court to reverse a denial of a motion to suppress, that it's an inherent part of what we were asking this court to do. But you didn't make a case for why this is one of the the exclusionary rule does not automatically follow. You did not make the case for why this case is one where it should follow. I did not. I relied on the fact that it's the government's burden to raise exceptions to the exclusionary rule. Even though it has been characterized as a last resort, it is still the rule for which the government has the burden of raising exceptions to that rule. Can I ask you to address the question that I had, which is it seems like it might should be relevant in this case that you don't reach the good faith exception to the exclusionary rule until you find that there was an unconstitutional search. What do you say about that? I think there are some cases where, like with harmless error, a court can resolve on the good faith exception ground without actually addressing the merits. I've seen a few of those cases. So it's something that the government could have argued and it could have done the opposite of what it did. It could have told the district court, you don't even have to address the merits. Let's talk about the good faith exception. But that would only happen if you either found there was a violation or you assumed there was. I don't even know that you would have to assume that it was. You could say it's a close enough question. That we're going to assume. It's a close enough question that we're going to assume, even if there was a Fourth Amendment violation, the good faith exception applies. That's what you'd be doing, isn't it? You're right. Assume without deciding is what I, you're correct on that point. As to some of the other factors and why this should be an exception, I would also say distinguish the harmless error cases because that issue is something that is so ubiquitous in criminal appeals. It comes up in nearly every criminal appeal. So it makes sense to be more concerned about the burden of remanding these cases to the district court when the government has forfeited that issue. It also mitigates the prejudice because it's an issue that everyone is so familiar with who practices criminal appeals. In this case, the burden on remand, I would argue, would be minimal. First of all, because I would argue that the government forfeited that issue and so there should be nothing to do but suppress. But second, if it were mandated for reconsideration, it's certainly not, it's not certain to replicate the result in the way that an obvious harmlessness case would do that. There were some other issues that the panel noted that it wasn't needing to consider because of the faith exception, right? Whether Campbell's consent purged the taint from the extension, things like that. Would the fact that considering one potentially waived issue allow the court to avoid a set of more complicated issues ever be a reason to consider a waived issue? I think the fact that the court noticed the parties of one waived issue and that we discussed that would, if anything, suggest that the other issues are not within the scope of an appeal. And so I think that we were ordered to address that point only corroborates that the good faith exception was no longer an issue. What about a different case though, where there really were a set of complicated issues that were squarely raised and on point in the case, but a very simple and assumed correct decision that no one had briefed was available to avoid the courts diving into those issues. Would that be a reason that the court could exercise its discretion or should exercise its discretion? I don't believe so because I think that the other factors would still weigh against doing that. The separation of powers factor, the fact that the court would be stepping into the role of a party. So counsel, other than harmless error, tell me a situation where the court could offer me a judgment in favor of the government weigh in. Give me one issue. Give me one example where it could under the factors that you tell us that we must apply and should consistently apply. I think where there's an argument for an alternative ground, maybe for the ACCA context, where there's some dispute over whether the district court relied on the residual clause or one of the other clauses, but that issue had been litigated and encompassed, that that would be different than what we have here where it's something that the government has the burden of proving an exception to the exclusionary rule. But the government has the burden of proving the prior convictions that would qualify an offender for the mandatory minimum under the Armed Career Criminal Act. And that the court didn't rely on, under Beeman, the court didn't rely on the residual clause. The government has the burden there as well. I think you're correct that they have the burden of proving that in a general sense that a particular conviction qualifies. I don't know that that burden exists. But not in the habeas sense, right? But not in the habeas. I do think on habeas, Beeman says that the defendant has that burden. Yeah, but this is direct appeal context. If we're comparing apples to apples. I think the distinction I was trying to draw is that in that context, it would be more in the nature of alternative theories within an issue on which the burden lies on the government as opposed to here where it's a different issue. The defendant had the burden of showing the Fourth Amendment violation and the government had the burden of showing the exclusionary rule did not apply under one of the exceptions. Okay. Thank you, counsel. We have your case and we'll be adjourned for the day. Thank you. All rise.